## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Paul E. Bass

    v.

O'Ferrall, Inc.
and "Automatic"
Sprinkler Corp. of Am.

September 27, 1971

By JUDGE A. CHRISTIAN COMPTON

The defendant O'Ferrall, Inc., asserts that the plaintiff's exclusive remedy for his injury is through the Workmen's Compensation Act.

The plaintiff, a licensed contractor and doing business as Bass Tile Company, contracted orally with the defendant O'Ferrall, Inc., to furnish the labor for the installation of acoustic ceiling tile in connection with the construction of a shopping center in Williamsburg, Virginia. The defendant's contract with the prime contractor called for the defendant to "furnish and install all acoustic ceiling and floor covering." Bass was selected by the defendant because he was known to the defendant's president as being one who was an expert in doing the work as well as supervising the workmen.

The plaintiff was injured while himself engaged in the work of installing the ceiling tile. Bass had on prior occasions worked with his men while he was supervising the work.

The plaintiff was not under the control of the defendant O'Ferrall, Inc., and there is no real dispute here that the plaintiff was an independent contractor and not an employee of the defendant. Moreover, there is no dispute that the work which the plaintiff was performing at the time was being done within the general scope of the said

defendant's business on this job; to wit, installing acoustic tile.

The sole issue is whether the injured independent contractor, who is himself performing manual labor when injured, may properly sue another subcontractor on the job in an action at law. This question must be answered in the affirmative.

In Virginia, a subcontractor does not come within the terms of the Workmen's Compensation Act as entitled to compensation. His status now, just as it was before the enactment of the Act, is determined by the common law. *Baker* v. *Nussman*, 152 Va. 293, 302 (1929); 21A M.J., *Workmen's Compensation*, Section 10, p. 20.

Under the facts of this case, the plaintiff cannot be classed as an "employee" under the statute, the key words therein being one "in the service of another." Va. Code § 65.1-4. Such being the case, one not an "employee" is not precluded from suing at common law by the terms of Va. Code §§ 65.1-40, 65.1-41, or 65.1-103, which all deal with the exclusive remedy of "employees" under the Act.

By judicial change or legislative amendments in some jurisdictions, one not strictly an "employee" under the common law definition has been extended the protection of the compensation acts as if he were an employee. An example of this process elsewhere is the declaration that an independent contractor doing manual labor is considered an "employee." 1A Larson, Workmen's Compensation Law (1967), Section 49.21, p. 873. This change has apparently not taken place in Virginia.

For these reasons, the plea is overruled.